**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOAN STEELE and CHERYL MCIVOR** : | |
| : | |
| Plaintiffs | **CIVIL ACTION NO. 3:17-0004** |
| : | |
| v. | |
| : | **(JUDGE MANNION)** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY** : | |
| : | |
| Defendants : | |

## MEMORANDUM

On January 3, 2017, defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a notice of removal in this court. (Doc. 1). Currently before the court are a motion to remand, (Doc. 4), and a motion to strike, (Doc. 8), filed by the plaintiffs, Joan Steele and Cheryl McIvor. In addition, before the court is a motion to amend the notice of removal, (Doc. 10), filed by State Farm. For reasons more fully discussed below, the plaintiffs' motion to remand is **GRANTED** and State Farm's motion to amend is **DENIED**. The plaintiffs' motion to strike is **DENIED** as moot.

## I.  BACKGROUND

On September 15, 2014, the plaintiffs were involved in a car accident with a non-party to this action. On November 29, 2016, the plaintiffs filed a complaint against State Farm, plaintiff Steele's insurance policy holder, in the

Court of Common Pleas of Pike County. State Farm was served on December 5, 2016. Defendant Allstate Insurance Company ("Allstate") was served on December 6, 2016.

On January 3, 2017, State Farm removed the plaintiffs' action from state court by filing a notice of removal in this court. (Doc. 1). The notice alleged diversity of citizenship as the basis for removal. The notice did not attach a copy of the plaintiffs' complaint as an exhibit. Upon filing, defendant Allstate Insurance Company ("Allstate") was entered on the docket in this case. However, the notice of removal did not contain a signature or any representation from an Allstate agent indicating that Allstate agreed to the removal. An attorney for Allstate has not separately entered his or her appearance and Allstate remains a *pro se* party.

On January 10, 2017, the plaintiffs filed a motion to remand with a brief in support. (Docs. 4–5). The plaintiffs' motion highlighted the fact that State Farm forgot to attach a copy of the underlying complaint. State Farm filed the complaint immediately after the plaintiffs' motion to remand was filed. (Doc. 7). In response to this, the plaintiff filed a second motion seeking to strike the filed complaint. (Doc. 8). Thereafter, on January 13, 2017, State Farm filed a formal motion to amend its notice of removal with a brief in support. (Docs. 10, 12). The motions are now ripe for review.

## II.     STANDARD OF REVIEW

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. §1441(a). At all times this removal statute should be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Motions to remand may allege "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). If the motion to remand is made on jurisdictional grounds, "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Scanlin v. Utica First Ins. Co.*, 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005)). Similarly, the defendant also bears the burden of establishing that all procedural requirements have been met. *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015); *A.R. v. Norris*, No. 3:15cv1780, 2015 WL 695 1872, at *1 (M.D. Pa. Nov. 11, 2015).

If the jurisdictional error is simply a technical error in the notice, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. "Section 1653 gives both district and

3

appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003). Although an amendment after the 30 day filing period may not allege new grounds for jurisdiction, it may be allowed to cure technical deficiencies. *See, e.g., Xia Zhao v. Skinner Engine Co.*, Civ. Action No. 11–7514, 2012 WL 1758145, at *2 (E.D. Pa. 2012).

## III.  DISCUSSION

The plaintiffs' motion seeks remand based on State Farm's failure to show diversity of citizenship, State Farm's failure to attach a copy of the complaint, and State Farm's failure to obtain Allstate's consent to removal. In response, State Farm argues that it should be allowed to cure jurisdictional defects in the notice and requests that the court allow the late filing of the complaint. However, one defect in State Farm's notice of removal is not merely technical. State Farm's failure to obtain to Allstate's consent before filing the notice of removal is a procedural defect that cannot be cured at this time and remand is appropriate.

The removal statute provides that "[w]hen a civil action is removed solely under 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). Defendants are given thirty (30) days after service of the complaint to remove the action to federal court. Id. §1446(b). Though courts

are split on this issue, most circuits and this district has found that a defendant cannot verify a codefendant's consent to removal. Norris, 2015 WL 6951872, at *3 (collecting cases). "A codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." Id. With respect to the timing of the consent, "district courts within [this circuit] require that all codefendants join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint," applying the removal statute strictly. Id. at *4 (collecting cases).

State Farm requests that this court allow the case to proceed without Allstate's consent and, essentially, requests that this court ignore the thirty (30) day requirement because Allstate is *pro se.* State Farm does not assert that it has ever received Allstate's consent. The language in the removal statute is clear and its requirements must be strictly construed. Allstate has not consented to removal. Even if Allstate decided to consent at some later time, their consent would fall outside of the thirty day time period provided by the statute. The fact that Allstate is *pro se* is of no consequence to this finding. There is no amendment that could save this procedural deficiency and the case must be remanded.

Having deciding the plaintiffs' motion on procedural grounds, the court need not address the plaintiffs' remaining arguments regarding removal. State

5

Farm's motion to amend is denied as no amendment could cure the procedural deficiency in the removal. In addition, the plaintiff's motion to strike State Farm's later filing of the underlying complaint is denied as it is now moot.

## IV.  CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand, (Doc. 4), is **GRANTED** and State Farm's motion to amend its notice of removal, (Doc. 10), is **DENIED**. The plaintiffs' motion to strike, (Doc. 8), is **DENIED** as moot. The case will be remanded to state court. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 14, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0004-01.wpd